# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WANDA L. STALEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0221** (BOR Appeal No. 2047801)
(Claim No. 2011018480)

**THE HOME DEPOT USA, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Wanda L. Staley, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Home Depot USA, Inc., by Robert E. Rockwell, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 11, 2013, in which the Board affirmed an October 25, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 12, 2011, decision which awarded an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Staley, a clerk, was injured in the course of her employment on November 18, 2010, while pushing a line of shopping carts. Her claim was held compensable for sprain of the neck and thoracic spine. She was evaluated by Allen Young, M.D., on July 5, 2011. In that evaluation, Dr. Young found that Ms. Staley had reached maximum medical improvement. He assessed 4% cervical impairment per Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993) and 10% impairment for range of motion loss. These were combined for a total whole person impairment of 14%. He then

1

determined that Ms. Staley fell into Category II of West Virginia Code of State Rules § 85-20-Table E (2006). This category indicates impairment between 5% and 8%. He therefore adjusted his rating to 8% whole person impairment. Accordingly, the claims administrator granted Ms. Staley an 8% permanent partial disability award on August 12, 2011.

Ms. Staley protested the award and argued before the Office of Judges that the Legislature affords claims administrators no authority to reduce or modify a claimant's permanent partial disability award and that Ms. Staley's permanent partial disability award was reduced in violation of West Virginia Code § 23-4-6(i) (2005) based upon criteria other than her medical impairment. She asserted that West Virginia Code of State Rules § 85-20-64.1 (2006) limits permanent partial disability awards based upon preconceived standards based upon a diagnosis regardless of a claimant's actual medical impairment. Ms. Staley opined that this portion of West Virginia Code of State Rules § 85-20-64.1 is therefore inconsistent with statutory law and its application to this claim results in an understated assessment of actual permanent disability.

The Office of Judges affirmed the claims administrator's decision in its October 25, 2012, Order. It found that there was no evidence submitted establishing a higher whole person impairment based upon West Virginia Code of State Rules § 85-20 (2006) than Dr. Young's finding of 8% impairment. The Office of Judges held that Ms. Staley's argument regarding the validity and veracity of West Virginia Code of State Rules § 85-20 has been ruled upon by this Court in *Simpson v. West Virginia Office of Commissioner*, 23 W.Va. 495, 678 S.E.2d 1 (2009). In that case, this Court held that the Legislature may delegate to an agency the power to make rules and regulations to implement the statute under which the agency functions and that West Virginia Code of State Rules § 85-20-Table C (2006) was a valid and proper exercise of the rule-making authority delegated to the Workers' Compensation Board of Managers by the Legislature. Thus, the Office of Judges held that Ms. Staley's 14% whole person impairment was properly reduced to 8% whole person impairment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its February 11, 2013, decision. This Court agrees with the conclusions of the Board of Review. Ms. Staley's request for an additional permanent partial disability award is inconsistent with this Court's previous decisions. *See, e.g., Gore v. Insurance Commissioner of West Virginia*, No. 11-0612 (March 28, 2013) (memorandum decision). Ms. Staley has not demonstrated that she is entitled to more than an 8% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II